**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY WALLAT and SCOTT WALLAT, ) <br> ) <br>          Plaintiffs, ) <br> ) <br>          v. ) <br> ) <br> DNC PARKS & RESORTS AT ) <br> YOSEMITE, INC.; and Does 1 through ) <br> 10 inclusive, ) <br>          Defendants. ) | NO. 1:05-CV-00394-AWI-GSA <br><br> ORDER CLOSING CASE IN LIGHT OF STIPULATION FOR DISMISSAL WITH PREJUDICE; ORDER DENYING MOTIONS IN LIMINE AS MOOT <br> (Documents #65, 66, 67, 68) |

    On May 22, 2008, Plaintiffs filed a notice of voluntary dismissal with prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1).  On August 7, 2008, Defendants field a notice agreeing to dismissal of this action.

    Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

1 although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan
2 Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.
3 1986). Once the stipulation between the parties who have appeared is properly filed or made in
4 open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro.
5 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule
6 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
7 does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.
8 A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,
9 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,
10 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)
11 (addressing Rule 41(a)(1)(i) dismissals). "The plaintiff may dismiss some or all of the
12 defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal
13 "automatically terminates the action as to the defendants who are the subjects of the notice."
14 Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

15 Because the parties have filed stipulations for dismissal of this case with prejudice under
16 Rule 41(a)(1)(ii), this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842
17 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space
18 Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

19 Therefore, IT IS HEREBY ORDERED that the Clerk of the Court is ordered to close this
20 case in light of the filed and properly signed Rule 41(a)(1)(ii) Stipulation Of Dismissal With
21 Prejudice. All pending motions in limine are denied as moot.

23 IT IS SO ORDERED.
24 **Dated:   August 13, 2008**          /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE

2